## John H. Gibson, Appellee, v. Frank L. Pitney, Appellant.

### Gen. No. 6,109.    (Not to be reported in full.)

Appeal from the City Court of Sterling; the Hon. WILLIAM A. BLODGETT, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed February 8, 1916. Rehearing denied April 6, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by John H. Gibson, plaintiff, against Frank L. Pitney, defendant, to recover the amount of advance payments upon a contract for the purchase of real estate, after alleged breach by defendant in failing to give possession. From a judgment for plaintiff, defendant appeals.

Defendant entered into a written contract with plaintiff on the 25th of June, 1913, by which the defendant agreed to convey to the plaintiff, by warranty deed, a farm, with a dwelling house thereon, in the county of Whiteside, in consideration of the payment by plaintiff of $18,000 as follows: $200 cash in hand; $1,100 in a note made by J. W. McCready, to be indorsed over to defendant; and the balance of the consideration to be settled by plaintiff at the time of the delivery of the deed to him, on March 1, 1914, by making a further payment of $3,700 and by giving another mortgage on the premises for $4,975, with interest at five per cent. per annum. It was expressly agreed in the contract that defendant would deliver to plaintiff a warranty deed, and give him possession of the premises on March 1, 1914, the premises to be in as good condition as they were at the date of the contract, ordinary wear and tear excepted.

At about the date fixed by the contract for the delivery of the deed and the possession, plaintiff went to

defendant, who was cashier of the First National
Bank at Sterling, Illinois, and demanded of defendant
that he carry out the terms of the contract, by deliver-
ing to him the deed and the possession of the premises;
and offered to perform his part of the contract by pay-
ing the $3,700 which he had drawn from the Sterling
National Bank, and had in his possession for that pur-
pose, and by delivering to defendant the notes and
mortgage for the settlement of $4,975, as required by
the terms of the contract. The evidence showed that
defendant was ready to deliver the warranty deed, but
practically admitted that he could not carry out his
agreement in regard to giving plaintiff possession;
and it appeared from his own testimony that he pro-
posed to obtain for plaintiff some other dwelling house
to occupy until he could put him in possession of the
dwelling house on the premises in question, which
offer plaintiff refused to accept; and thereupon the
plaintiff declared the contract at an end, and demanded
a return of the part of the consideration which had
been paid to defendant. Defendant refused, and plain-
tiff commenced this suit to recover the sum paid.

It was urged by the defendant that under the facts
presented in evidence, plaintiff had no right to recover,
and that the evidence failed to show that plaintiff ten-
dered performance on his part, or a willingness and
ability to perform, or that the actual performance of
this contract, which was mutual in its character, was
prevented by the defendant. There was evidence tend-
ing to show that the premises were not in as good con-
dition at the time of the making of the contract; that
the dwelling house was quarantined, owing to the
presence of smallpox; that water pipes had been
frozen and were bursted, and had dampened some of
the plastered walls of the house, and had caused some
of the plastering to fall; and that because of the burst-
ing of the water pipes there were several feet of water

in the cellar or basement of the house, which made it very insanitary.

H. H. WAITE and N. G. VAN SANT, for appellant.

H. C. WARD, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 336*—*when evidence sufficient to show that purchaser offered in good faith and was able to perform contract.* In an action by a purchaser of land to recover the amount of payments made upon failure of the vendor to give possession, evidence *held* sufficient to sustain a finding that the purchaser offered in good faith to perform the contract and was able, at the time, to perform it.

2. VENDOR AND PURCHASER, § 96*—*when purchaser may rescind contract.* The time fixed for performance of a contract is deemed the essence of the contract, and generally, if the seller of real estate is not able and ready to perform his part of the agreement on the day, the purchaser may elect to consider the contract at an end.

3. VENDOR AND PURCHASER, § 336*—*when evidence sufficient to sustain finding that vendor unable to perform contract at date for performance.* In an action by the purchaser of real property to recover advance payments upon failure of the vendor to give possession on the date stipulated in the contract, evidence *held* sufficient to sustain a finding that the vendor was unable to give possession of the premises in good condition on the day stipulated in the contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.